IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BILLY WAYNE STANFIELD, ) <br> #176 704, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DR. DARBOUZE, *et al.*, ) <br> ) <br>     Defendants. ) | CIVIL ACTION NO. 2:13-CV-452-CSC <br> [WO] |

**MEMORANDUM OPINION and ORDER**

On August 22, 2013 Plaintiff filed a motion to dismiss the complaint which the court considers a motion for voluntary dismissal without prejudice pursuant to Rule 41(a), *Federal Rules of Civil Procedure*. Upon consideration of Plaintiff's motion to dismiss, the court concludes that the motion should be granted.[1] Furthermore, the court concludes that this case should be dismissed without prejudice. *See* Rule 41(a)(2), *Federal Rules of Civil Procedure*.

Dismissal without prejudice pursuant to FED.R.CIV.P. 41(a)(2), at the insistence of Plaintiff, is committed to the sound discretion of this court, and absent some plain legal prejudice to Defendants, denial of the dismissal constitutes an abuse of this court's discretion. *McCants v. Ford Motor Company, Inc.*, 781 F.2d 855 (11th Cir. 1986). Simple litigation costs, inconvenience to Defendants, and the prospect of a second or subsequent

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

lawsuit do not constitute clear legal prejudice. *Id*. *See also Durham v. Florida East Coast Railway Company*, 385 F.2d 366 (5th Cir. 1967).[2]

The court has carefully reviewed the file in this case and determined that even if Defendants were given an opportunity to file a response to Plaintiff's motion to dismiss, they would not be able to demonstrate the existence of clear legal prejudice. Consequently, the court concludes that this case shall be dismissed without prejudice on the motion of Plaintiff.

For the foregoing reasons, Plaintiff's Motion to Dismiss (*Doc. No. 15*) is GRANTED and this case is DISMISSED without prejudice.

A separate order follows.

Done this 16th day of September, 2013.

        /s/Charles S. Coody
        CHARLES S. COODY
        UNITED STATES MAGISTRATE JUDGE

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.